**SEND**<br>**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-958 PA (OPx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Efren Rodriguez Cortez, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    The Court is in receipt of a Notice of Removal filed by defendants Efren Rodriguez Cortez and Alicia Rodriguez ("Defendants") on June 29, 2010.  (Docket No. 1.)  Plaintiff Aurora Loan Services LLC's ("Plaintiff") Complaint, filed in San Bernardino County Superior Court, asserts a single cause of action for unlawful detainer.  Defendants, who are appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

    Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

    The Complaint contains a single cause of action for unlawful detainer.  No federal claim is alleged in the Complaint.  Defendants do not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law.  The Notice of Removal only

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 10-958 PA (OPx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Efren Rodriguez Cortez, et al. | | |

alleges that federal jurisdiction "result[s] from [Defendants'] Discovery Request and Demand for: 'THE ORIGINAL BLUE INKED PROMISSORY NOTE.'" (Notice of Removal, p. 1.) Such allegation is insufficient to establish the Court's federal question jurisdiction.

Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

In the Notice of Removal, Defendants allege that they are residents of California. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Kanter, 265 F. 3d at 857. Defendants' allegations are thus inadequate to establish their citizenship. Even if Defendants had adequately alleged California citizenship, the Notice of Removal would be defective under the forum defendant rule, which prohibits removal when any defendant is a citizen of the forum state. See 28 U.S.C. § 1441(b) (stating that any action removed on a basis other than federal question jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). As for Plaintiff's citizenship, the Notice of Removal merely states: "From the allegations set forth in the State complaint, filed by the Respondent, the current residence is that of the State of California." (Notice of Removal, p. 2.) The Complaint does not contain any allegations concerning Plaintiff's state of incorporation or principal place of business. Even if the Complaint did contain allegations showing that Plaintiff is a California citizen, this would be inadequate to establish diversity jurisdiction, since Defendants allege that they are also California citizens.

Moreover, despite Defendants' allegation that they believe the amount in controversy to exceed $75,000, neither the Notice of Removal nor the Complaint alleges any facts in support of that assertion. Since the Complaint states that the "amount demanded does not exceed $10,000," Defendants have the burden to prove to a legal certainty that the amount in controversy exceeds $75,000, which they have not done. See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007)(holding that the removing party has the burden to establish to a "legal certainty" that the amount in controversy requirement is met when the complaint affirmatively alleges an amount in controversy below the statutory minimum).

**SEND**  
**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-958 PA (OPx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Efren Rodriguez Cortez, et al. | | |

      For the foregoing reasons, Defendants have failed to meet their burden of showing that federal question or diversity jurisdiction exists.  The Court lacks subject matter jurisdiction and hereby remands this action to the San Bernardino County Superior Court, Case No. UDFS1000991.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.